UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONATHAN FRYE,<br><br>        Plaintiff,<br><br>    v.<br><br>PFIEFER, Warden, et al.,<br><br>        Defendants. | Case No.: 1:21-cv-01525-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Jhonathan Frye is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff filed his first amended complaint on February 9, 2023. (Doc. 10.)

On October 27, 2023, this Court issued its Second Screening Order. (Doc. 11.) The Court found Plaintiff's first amended complaint stated an Eighth Amendment threat to safety claim against Defendant Rodriguez and First Amendment retaliation claims against Defendants Vasquez and Rodriguez but failed to state a cognizable claim against any other named defendant. (*Id*. at 3-8.) Plaintiff was directed to elect of one three options within 21 days of the date of service of the order: (1) notify the Court he did not wish to file a second amended complaint and was willing to proceed only on his Eighth Amendment claim of a threat to safety against Defendant Rodriguez, and his First Amendment retaliation claims against Defendants Vasquez

and Rodriguez, the remaining claims to be dismissed; *or* (2) file a second amended complaint curing the deficiencies identified in the screening order; *or* (3) file a notice of voluntary dismissal. (*Id*. at 8-9.)  More than 21 days have passed, and Plaintiff has failed to file a second amended complaint, or a notice to proceed on his cognizable claims or a notice of voluntary dismissal.

## II.    DISCUSSION

### A.  Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.  Analysis

Here, Plaintiff has failed to respond to the Court's Second Screening Order. He has neither filed a second amended complaint, nor a notice to proceed only on the cognizable claims or a notice of voluntary dismissal. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh

in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's October 27, 2023, screening order provided Plaintiff 21 days within which to file a second amended complaint, or a notice to proceed on his cognizable claims, or a notice of voluntary dismissal. Although more than 21 days have passed, Plaintiff has not responded to the Second Screening Order. His inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to comply with the Court's October 27, 2023, order, or to otherwise contact the Court, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's Second Screening Order stated: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure … to obey a court order**." (Doc. 11 at 9.) Further, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued October 15, 2021, Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)."

(Doc. 2 at 1.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.     CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 27, 2023**            /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE