UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONATHAN FRYE,<br><br>           Plaintiff,<br><br>    v.<br><br>PFIEFER, Warden, et al.,<br><br>           Defendants. | Case No.: 1:21-cv-01525-KES-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>(Doc. 15)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Jhonathan Frye is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

This Court issued its First Screening Order on January 26, 2023, finding Plaintiff stated cognizable claims of threat to safety in violation of the Eighth Amendment against Defendants Vasquez and Rodriguez, but failed to state any other cognizable claim against any named defendant. (Doc. 9.) On February 9, 2023, Plaintiff filed a first amended complaint. (Doc. 10.)

The Court issued its Second Screening Order on October 27, 2023. (Doc. 11.) The Court determined Plaintiff's first amended complaint stated a cognizable Eighth Amendment threat to safety claim against Defendant Rodriguez only, and cognizable First Amendment retaliation claims against Defendants Vasquez and Rodriguez. (*Id*. at 5-7.) The Court further found that

Plaintiff's first amended complaint failed to state any other cognizable claim against any other named defendant. (*Id.* at 8.) Plaintiff was directed to do one of the following: (1) notify the Court in writing that he did not wish to file a second amended complaint and was willing to proceed only on the claims found cognizable by the Court; (2) file a second amended complaint; or (3) file a notice of voluntary dismissal. (*Id.* at 8-9.)

On December 21, 2023, Plaintiff filed his second amended complaint. (Doc. 15.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

2

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## IV. DISCUSSION

### A. Plaintiff's Second Amended Complaint

Plaintiff names Kern Valley State Prison Correctional Officers D. Vasquez and C. Rodriguez and Warden Pfeiffer as defendants in the action. (Doc. 15 at 1-3.) Plaintiff seeks "7 million dollars in damages for physical, mental & emotional distress." (*Id*. at 5.)

### B. Plaintiff's Factual Allegations & Claim

Plaintiff identifies the single claim alleged as "Cruel & Unusual Punishment Retaliation."

3

The Supporting Facts are quoted below in their entirety:

> D. Vasquez fraudulently produced paperwork taking my yard dayroom canteen packages & phone calls when thats cruel & unusual punishment. Also it was retaliation to a appeal filed against Vasquez for sexual harassment. D. Vasquez also wrote a fraudulent violation to get me placed on further restriction. C. Rodriguez wrote a false violation report to get me placed on c-status and restricted further in retaliation for previous appeals.

(Doc. 15 at 3.)

### C. The Second Amended Complaint Violates Rule 8

Plaintiff's second amended complaint violates Rule 8 of the Federal Rules of Civil Procedure. The factual allegations are conclusory and fail to provide any defendant with fair notice of Plaintiff's claim. *Swierkiewicz*, 534 U.S. at 512; *Iqbal*, 556 U.S. at 678. Plaintiff provides no dates for the actions he vaguely alleges against Defendants Vasquez and Rodriguez. While Warden Pfeiffer is identified as a defendant in the second amended complaint, no *facts* are asserted concerning any action or inaction by Pfeiffer. *Rizzo*, 423 U.S. at 373-75.

Plaintiff's original and first amended complaint provided sufficient facts to state certain cognizable claims. (*See* Docs. 9 & 11.) Plaintiff was given two opportunities to proceed on the claims found cognizable by the Court. (*See* Doc. 9 at 10 & Doc. 11 at 8-9.) In each instance, Plaintiff elected to file an amended complaint to cure the deficiencies identified by the Court, as is his right. However, on this occasion, Plaintiff has failed to assert any plausible or cognizable claim against any named defendant. The Court has now screened three complaints: the original complaint filed October 15, 2021, the first amended complaint filed February 9, 2023, and the instant second amended complaint filed December 21, 2023.

Plaintiff was warned in the Second Screening Order issued October 27, 2023, that he would be given "one final opportunity" to amend his claims to cure the deficiencies identified by the Court. (*See, e.g.*, Doc. 11 at 6, 8.) Plaintiff was also reminded that any amended complaint supersedes the prior complaint, and that any second amended complaint must be "complete in itself." (*Id*. at 8.)  Therefore, the second amended complaint superseded the first amended complaint. The Court does not consider either the original or first amended complaint in making its screening determination regarding the second amended complaint. Instead of curing the

deficiencies identified in the Second Screening Order, Plaintiff has submitted a second amended complaint that violates Rule 8 of the Federal Rules of Civil Procedure and fails to state any claim.

Because it appears Plaintiff is unable to cure the deficiencies previously identified by this Court, and because his second amended complaint fails to state any claim upon which relief can be granted, amendment is futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief). Therefore, this Court will recommend the second amended complaint be dismissed without leave to amend for a failure to state a claim.

## V. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's second amended complaint be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 7, 2024**               /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE